UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

DBT GMBH and DBT AMERICA, INC.,

                Plaintiffs,

- against -

J.L. MINING CO., THE MARMON GROUP LTD.,
MARMON WIRE & CABLE LLC, AND GATEWAY
AUSTRALIAN HOLDINGS PTY LIMITED

                Defendants.

------------------------------------X

06 Civ. 448 (RWS)

OPINION and ORDER

**Sweet, D.J.,**

      Plaintiffs DBT GmbH and DBT America, Inc. (collectively, "DBT" or the "Plaintiffs") have moved for partial reconsideration of the Court's Decision and Order of April 8, 2008, granting partial summary judgment to defendants J.L. Mining Company, The Marmon Group Ltd., and Marmon Wire & Cable LLC (collectively, "Marmon" or the "Defendants"). "Pursuant to Local Civil Rule 6.3, a party seeking reconsideration must demonstrate that the Court overlooked controlling decisions or factual matters that might materially have influenced its earlier decision." Nat'l Cong. for Puerto Rican Rights v. City of New York, 191 F.R.D. 52, 53 (S.D.N.Y. 1999) (internal

quotations omitted); see also Borochoff v. GlaxoSmithKline PLC, 07 Civ. 5574 (LLS), 2008 WL 3466400, at *1 (S.D.N.Y. Aug. 12, 2008) ("The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" (quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)).

Plaintiffs' motion simply rehashes arguments that were rejected by the Court on summary judgment. Because DBT fails to point to any facts or law that the Court overlooked, the motion for reconsideration is denied.

It is so ordered.

**New York, NY**
**August 28, 2008**

ROBERT W. SWEET
U.S.D.J.